JOHNNY JONES, JR. v. UNITED STATES

No. 6580.—Invoice dated Havana, Cuba, January 1944.
    Certified January 1944.
    Entered at Pittsburgh, Pa., March 10, 1944.
    Entry No. 589.

(Decided December 5, 1946)

*Jerome G. Clifford* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*John J. McDermott* and *Daniel I. Auster*, special attorneys), for the defendant.

COLE, Judge: In this case, the parties concede foreign value, section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1402 (c) ), to be the proper basis for appraisement.

The appeal concerns a shipment of two items, described on the invoice as "102 doz. Ladies leather Slippers, Ref. ZP–404" and "148 doz. Men's leather Slippers, Ref. ZP–505," exported from Havana, Cuba, on January 28, 1944 (exhibit 3), and entered for consumption at Pittsburgh, Pa., on March 10, 1944. The merchandise was entered as invoiced, i. e., the ladies' slippers at $8.40 per dozen pairs, and the men's slippers at $8.50 per dozen pairs, less carriage and labor charges, cases included, and plus a tax of $57.71. The appraiser advanced the values to $10 per dozen pairs for the ladies' slippers, and $11 per dozen pairs for the men's slippers, plus sales tax of 2.75 per centum, cost of labor (packing), $5, and cost of packing, $6.

The sole witness was a partner of the importing firm (plaintiff), who purchased the slippers in question in Havana through a manufacturer's agent, at the unit entered prices, which included the agent's fee for servicing and handling the shipment. The witness made several trips to Cuba both before the transaction under consideration was consummated and thereafter. Each time he made inquiries relating to market conditions affecting the slippers in question.

Based upon such inquiries, extending from October 1943 through March or April 1944, the witness testified in effect that Havana is a principal market, where the instant merchandise was freely offered in wholesale quantities to all purchasers in the ordinary course of trade at $7.20 per dozen pairs for the ladies' slippers and $8 per dozen pairs for the men's slippers, and that such prices did not vary according to the quantities purchased.

During the course of cross-examination, counsel for defendant introduced copy of a letter dated January 22, 1944, with price list attached (collective exhibit 2), addressed to the witness, which he identified as having been received by him at the Hotel Sevilla Biltmore in Havana,

while he was staying there. Interrogated concerning the items "W–1, Men's slipper, $11.00 per dozen" and "W–4, Ladies' slipper, $10.00 per dozen," appearing in said letter, the witness recognized that the manufacturer "changed the numbers at that time," and stated that "it might have been an entirely different item for all I know" (R. 20). Furthermore, the said price list contains a statement that it did not become effective until February 20, 1944, subsequent to the date of exportation of the instant merchandise. The document, therefore, is immaterial for the purposes of the present issue.

On the basis of the record before me, I hold the statutory foreign value, section 402 (c) as amended, *supra*, of the items in question to be $7.20 per dozen pairs for the ladies' slippers and $8 per dozen pairs for the men's slippers.

Judgment will be rendered accordingly.

The values found herein are lower than plaintiff's entered values but the latter become the basis for assessment of duties under the provisions of section 503 of the Tariff Act of 1930.